IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Melissa Powell,                              )         C/A No. 6:09-900-JFA-WMC
                                             )
                    Plaintiff,               )
        v.                                   )         ORDER
                                             )
Michael J. Astrue, Commissioner of           )
Social Security,                             )
                                             )
                    Defendant.               )
_____    )

The plaintiff, Melissa Powell, brings this action pursuant to 42 U.S.C. § 405(g) to

obtain judicial review of a final decision of the Commissioner of Social Security

(Commissioner) denying her claim for supplemental security income (SSI) and disability

insurance benefits (DIB) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§

401-433, 1381-1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation wherein he suggests that the Commissioner's decision to deny benefits

should be reversed and remanded so that the Administrative Law Judge (ALJ) can present

a hypothetical to the Vocational Expert (VE) which more specifically describes the plaintiff's

mental limitations as he finds them.  The Report sets forth in detail the relevant facts and

---

[1]

 The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The
Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the
responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court
is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and
the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit
the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on May 4, 2010. The Commissioner has filed objections to the Magistrate Judge's suggestion of remand.

## PROCEDURAL HISTORY

The plaintiff applied for DIB and SSI on January 21, 2005 alleging disability as of December 10, 2002 due to degenerative disc disease, diabetes with neuropathy, hypertension, obesity, anxiety, and depression. The plaintiff was 42 years old at the time she alleges disability. She has a high school education and past work experience as a canteen hostess and assembler.

The plaintiff's applications were denied initially and on reconsideration. The Administrative Law Judge (ALJ) held a hearing on May 12, 2008 and issued a decision on July 23, 2008, concluding that the claimant was not disabled. Once approved by the Appeals Council, the ALJ's decision became the final decision of the Commissioner. Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir.2002). Section 205(g) of the Act provides, "[t]he findings of the

Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive ..." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir.2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004). This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or] her past relevant work; and (5) the claimant can perform other specified types of work.

*Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir.2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir.1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## DISCUSSION

### *The ALJ's Findings*

The ALJ found that plaintiff was not disabled. In his decision of July 23, 2008, the ALJ found that plaintiff had severe degenerative disc diseases in the lumbar and cervical spines, diabetes mellitus with neuropathy, hypertension, obesity, anxiety, and depression, but that she did not have an impairment or a combination of impairments listed in or medically equal to one listed in 20 CFR 404, subpt. P, app. 1. The ALJ also found that plaintiff's subjective complaints were not entirely credible and that plaintiff retained the residual

4

functional capacity (RFC) to perform simple, routine, repetitive (unskilled) sedentary work

with no more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling

and avoidance of concentrated exposure to hazards. The ALJ determined that although the

plaintiff could not perform her past relevant work, in light of VE testimony and other

evidence of record, there was a significant number of jobs in the national economy that

plaintiff could perform.

*The Magistrate Judge's Report and Recommendations*

The Magistrate Judge finds that there is substantial evidence to support the ALJ's

decision to dismiss the opinion of Dr. Booker, plaintiff's treating physician. This court

agrees.

The Magistrate Judge next suggests that the ALJ erred in determining that plaintiff

had the RFC to perform the sedentary, unskilled jobs of a sorter and assembler because it

appeared that simple, routine, repetitive tasks were a subset of unskilled work, and thus the

VE may have responded with jobs which exceed the plaintiff's mental RFC. Specifically,

the Magistrate Judge suggests that there is no way of knowing that the VE equated "unskilled

work" with "simple, routine, repetitive" tasks. As such, the VE may have responded with

jobs which exceed the plaintiff's mental RFC as the ALJ found it.

The Magistrate Judge refers to an Eighth Circuit decision wherein that court noted:

> The Social Security's own list of unskilled sedentary jobs . . . indicates that
> many jobs within this range require more than the mental capacity to follow
> simple instructions. For each job described, the Dictionary of Occupational
> Titles specifies the type of reasoning capabilities the job requires. 2 U.S. Dep't
> of Labor, Dictionary of Occupational Titles, 1010-11 (4th ed.1991). For
> instance, a job rated reasoning level one requires the ability to understand and

carry out simple instructions, whereas a job rated reasoning level two requires the ability to understand and carry out detailed instructions. Id. at 1011. Many of the jobs listed require level two reasoning or higher in the unskilled sedentary job category.

*Lucy v. Chater*, 113 F.3d 905 (8th Cir. 1997). Thus, the Magistrate Judge concludes that the ALJ should present a hypothetical which more specifically described the plaintiff's mental limitations as the ALJ finds them.

The Commissioner takes exception to the Magistrate Judge's suggestion of remand on this issue. The Commissioner argues that ALJ presented an adequate hypothetical question to the VE, thoroughly understood by the VE, which fully described plaintiff's mental limitations. Further, the Commissioner contends that there is no indication in the record that the VE did not understand the ALJ's hypothetical as posed. The Commissioner also contends that even were the court to find that the Dictionary of Occupational Title's (DOT) reasoning level for any of the other assemble jobs exceeded a capacity for simple, routine, repetitive tasks, the decision should be affirmed.

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir.2002).

After a careful review of the record, including the findings of the ALJ, the briefs from

6

the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, this court finds that the Magistrate Judge's recommendation is proper. Accordingly, this action is reversed and remanded to the Commissioner so that the ALJ may present a hypothetical to the VE which more specifically describes the plaintiff's mental limitations as he finds them.

      IT IS SO ORDERED.

Joseph F. Anderson, Jr.

August 10, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge